# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEWALBANY DIVISION
*ELECTRONICALLY FILED*

| | |
|---|---|
| KEELEY TAYLOR )                                    )<br>      PLAINTIFF )<br>                                    )<br>V           )<br>                                    )<br>EMPLOYBRIDGE, INC. )<br>d/b/a PROLOGISTIX   )<br>1040 Crown Pointe Parkway )<br>Suite 1040       )<br>Atlanta, GA 30338    )<br>                                    )<br>EMPLOYBRIDGE MIDWEST 1, INC. )<br>d/b/a PROLOGISTIX   )<br>1040 Crown Pointe Parkway )<br>Suite 1040       )<br>Atlanta, GA 30338    )<br>                                    )<br>EMPLOYBRIDGE MIDWEST 2, INC. )<br>d/b/a PROLOGISTIX   )<br>1040 Crown Pointe Parkway )<br>Suite 1040       )<br>Atlanta, GA 30338    )<br>                                    )<br>**SERVE:**       )<br>CORPORATION SERVICE COMPANY )<br>135 North Pennsylvania Street )<br>Suite 1610       )<br>Indianapolis, IN 46204   )<br>                                    )<br>KENCO LOGISTIC SERVICES, LLC )<br>2001 Riverside Drive    )<br>Chattanooga, TN 37406   )<br>                                    )<br>**SERVE:**       )<br>CT CORPORATION SYSTEM )<br>334 North Senate Avenue  )<br>Indianapolis, IN 46204   )<br>     DEFENDANTS ) | CASE NO. 4:23-cv-00114 |

## COMPLAINT

### PARTIES

1. Plaintiff Keeley Taylor is an individual and former employee of Defendants.

2. EmployBridge, Inc., Employbridge Midwest 1, Inc., and Employbridge Midwest 2, Inc. (collectively, "EmployBridge") are corporations organized under the laws of the state of Georgia and doing business in Indiana.

3. Upon information and belief, one or more EmployBridge Defendants were doing business in the State of Indiana under the name Prologistix.

4. Kenco Logistic Services, LLC is a limited liability company organized under the laws of the state of Delaware and doing business in the state of Indiana.

### JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original district court jurisdiction over cases presenting questions of federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et. seq*. This District has venue pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

6. Jurisdiction over any state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides supplemental jurisdiction over state law claims so related to federal law claims that one case or controversy exists for Article III purposes.

7. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

8. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination with the EEOC alleging discrimination on the basis of sex.

9. Plaintiff received her Notice of Right to Sue and brings this original action within ninety (90) days of receipt.

## FACTUAL BACKGROUND

10. Keeley Taylor was employed as a temp worker through "Prologistix."

11. Upon information and belief, the EmployBridge Defendants operated under the name of Prologistix and were Taylor's employer.

12. Prologistix assigned Taylor to work at Kenco Logistic Services, LLC ("Kenco") as a warehouse worker August 2021.

13. Cedric, a male coworker, began stalking Taylor while she worked.

14. The stalking escalated. On October 10, 2021, Cedric aggressively followed Taylor's car when she left work. Afraid that he would find out where she lived, Taylor drove around town until he finally stopped following her.

15. The next day, when Taylor pulled into the parking lot at work, Cedric's friend and coworker blocked Taylor's car so that she couldn't get out.

16. Taylor reported the conduct to her team lead, Will Rivas, and said she was not comfortable working around Cedric and his friend.

17. Taylor's supervisor told Taylor that the company did not want to take any action to address the situation because "he'll go from really liking you to really hating you."

18. Taylor then submitted a written complaint to Kenco's human resources office.

19. Kenco's HR crossed out portions of Taylor's written report, told her that if she really felt intimidated while being followed home, she should have called the police, and suggested that Taylor's athletic shorts were too short.

20. The next pay period, Taylor's paycheck was short.

21. EmployBridge acknowledged that there were unpaid wages and promised to correct it.

22. On December 20, 2021, Taylor was escorted by Kenco's HR off the property and instructed not to return.

23. EmployBridge offered to provide Taylor with "other opportunities," but declined to take any action to address the harassment at Kenco.

## COUNT I
### *Sex Discrimination*

24. Keeley Taylor, a woman, is a member of a protected class.

25. Defendants, by and through their agents and employees, discriminated against Taylor in the terms, conditions, and privileges of employment, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and the Indiana Civil Rights Law, IC 22-9-1 *et seq*.

26. Taylor experienced harassment that was so severe and pervasive it interfered with her ability to perform her job, and caused her to suffer adverse employment actions.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

28. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT II
### *Retaliation*

29. Plaintiff engaged in protected conduct when she reported sexual harassment to her employers.

30. Defendants retaliated against Plaintiff as a result of her report.

31. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

32. As a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT III
### *Wage Theft*

33. Defendant EmployBridge was doing business in the state of Indiana and was thus required to comply with the Wage Payment Statute, IC 22-2-5.

34. Plaintiff alerted EmployBridge to the missing wages on her paychecks.

35. EmployBridge has failed to compensate Plaintiff for her earned wages.

36. As a result of Defendant's failure, Plaintiff is entitled to recover costs, attorney fees, and penalties pursuant to Ind. Code 22-2-5-2.

**WHEREFORE**, the Plaintiff respectfully prays as follows:

A. Judgment against Defendants for compensatory and punitive damages, in a fair and reasonable amount to be determined by the evidence;

B. Equitable relief, including reinstatement with back and front pay and benefits;

C. Trial by jury of all issues triable;

D. For her costs incurred herein;

E. Attorney fees;

F. Statutory penalties; and,

G. For any and all other relief allowed under the law.

Respectfully submitted,

/s/ *Laura E. Landenwich*
Laura E. Landenwich, #27709-22
Candace L. Curtis
ADAMS LANDENWICH LAY, PLLC
517 West Ormsby Avenue
Louisville, KY 40203
(502) 561-0085
laura@justiceky.com
candace@justiceky.com
*Counsel for Plaintiff, Keeley Taylor*