UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KEELEY TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00114-TWP-KMB |
| | ) |
| EMPLOYBRIDGE, INC., | ) |
| EMPLOYBRIDGE MIDWEST 1, INC., | ) |
| EMPLOYBRIDGE MIDWEST 2, INC., | ) |
| KENCO LOGISTICS SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint filed by Defendants Employbridge, Inc. d/b/a ProLogistix, Employbridge Midwest 1, Inc. d/b/a ProLogistix, and Employbridge Midwest 2, Inc. d/b/a ProLogistix ("Employbridge") (Filing No. 15), and a Motion to Dismiss Plaintiff's Complaint filed by Defendant Kenco Logistic Services ("Kenco") (together with Employbridge, "Defendants") (Filing No. 18). Plaintiff Keeley Taylor ("Taylor") initiated this action asserting claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), discrimination and retaliation under the Indiana Civil Rights Law ("ICRL"), and wage theft under the Indiana Wage Payment statute (Filing No. 1). For the following reasons, the Defendants' Motions are **granted in part and denied in part**.

### I.   BACKGROUND

As required when reviewing a motion to dismiss, the Court construes the Complaint in the light most favorable to Taylor, accepts Taylor's well-pleaded facts as true, and draws all reasonable inferences in Taylor's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Taylor, a woman, was employed as a temporary worker through temp service, Employbridge (Filing No. 1 ¶¶ 10, 24). Employbridge assigned Taylor to work at Kenco as a warehouse worker in August 2021. *Id.* ¶ 12. Taylor's male coworker, Cedric, began stalking her while she worked. *Id.* ¶ 13. On October 10, 2021, Cedric aggressively followed her car when she left work. *Id.* ¶ 14. Afraid that he would find out where she lived, Taylor drove around town until he finally stopped following her. *Id.* The next day, when Taylor pulled into the parking lot at work, Cedric's friend and coworker blocked Taylor's car so that she could not get out. *Id.* ¶ 15.

Taylor reported the incident to her team lead, Will Rivas ("Rivas"), and said she was not comfortable working around Cedric and his friend. *Id.* ¶ 16. Taylor's supervisor told her that the company did not want to take any action to address the situation because "he'll go from really liking [her] to really hating [her]."[1] *Id.* ¶ 17. Taylor then submitted a written complaint to Kenco's human resources office ("HR"). *Id.* at 4 ¶ 18. HR crossed out portions of Taylor's written report and told her that if she really felt intimidated while being followed home, she should have called the police and suggested to Taylor that her athletic shorts were too short. *Id.* ¶ 19.

The next pay period, Taylor's paycheck was short. *Id.* ¶ 20. Employbridge acknowledged that there were unpaid wages and promised to correct it. *Id.* ¶ 21. On December 20, 2021, Taylor was escorted by HR off the property and instructed not to return. *Id.* ¶ 22. Employbridge offered to provide Taylor with other opportunities but declined to take any action to address the harassment at Kenco. *Id.* ¶ 23.

On July 16, 2022, Taylor filed a Charge of Discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") (Filing No. 17). The Charge form states "Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee,

---

[1] From the Complaint it is unclear if Rivas is Taylor's supervisor (at Employbridge or Kenco) or if the Complaint is referring to another person. However, this fact is immaterial for purposes of this Order.

or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)". *Id.* at 2. Taylor listed only "EmployBridge D/B/A Prologistix" in the space provided. *Id.* The PARTICULARS then state:

> The above-named employer hired me in August 2021 as a Temp. The above-named employer employs more than 15 employees. In August 2021, I was assigned at Kenco as a Warehouse Clerk located in Jefferson, Indiana. During my employment I was subjected to sexual harassment by Cedrick [sic] (LNU) (Forklift driver). For example, he constantly stalked me while looking at me in a sexual nature. He also followed me home one evening. As a result, I complained to multiple individuals such as Will Rivas (Team Lead/Kenco), Chris (LNU) (Chewey Dept. Manager), Amy (LNU) (HR). I was asked to provide a written statement. To my knowledge, there were items edited in my complaint without my consent. I was never provided a copy either. I was interrogated and ultimately blamed for the incident which did not address the harasser. I was retaliated against and discharged for reporting ongoing harassment by Cedric. In addition, I have evidence of being shorted over $2,000 in wages due to retaliation. They have admitted via text that my pay is wrong. To date, no correction has been made. I believe I have been discriminated and retaliated against because of my sex (F), in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* Taylor exhausted her administrative remedies and received her Notice of Right to Sue ([Filing No. 1](#) ¶¶ 8, 9). She brings this action within ninety (90) days of receipt. *Id.* ¶ 9.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). The allegations must "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"[Courts] consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (internal citations omitted). Dismissal is appropriate "when a party has included in its complaint facts that establish an impenetrable defense to its claims." *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

### III.  DISCUSSION

Taylor brings both federal and state law claims in her Complaint. Count 1: Sex Discrimination under Title VII and the ICRL; Count 2: Retaliation under Title VII and under the ICRL, and Count 3: Wage Theft under the Indiana Wage Payment statute (Filing No. 1 at 4-5). Employbridge argues Taylor's state law claims are time-barred and the Court lacks subject matter jurisdiction over her wage theft claim.[2] Kenco argues all of Taylor's claims against them should

---

[2] Upon receiving new information relating to the work-sharing agreement between the EEOC and the Indiana Civil Rights Commission, Employbridge withdrew its Motion to Dismiss Plaintiff's Title VII claims (Filing No. 28 at 1).

be dismissed because she failed to exhaust her administrative remedies. The Court will address each motion in turn.

A.    **Employbridge Motion to Dismiss**

  1.    **ICRL Discrimination and Retaliation Claims**

"The ICRL creates an administrative review process through which plaintiffs must pursue their claims for civil rights violations before the Indiana Civil Rights Commission ("ICRC")…." *Mortland* v. *Lights Out Devs., LLC*, No. 1:19-cv-2557-JMS-DLP, 2020 WL 3577867, at *2 (S.D. Ind. July 1, 2020) (citing Ind. Code § 22-9-1-6; *M.C. Welding and Machining Co. v. Kotwa*, 845 N.E.2d 188, 191 n. 3 (Ind. Ct. App. 2006). The administrative review process may only be bypassed if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law. *Id.*

Generally, claims arising under § 22-9-1, are "presented by filing a complaint with the [ICRC], which investigates the complaint and determines if probable cause exists to believe that an illegal act of discrimination has occurred." *M.C. Welding and Machining Co.*, 845 N.E.2d at 191 n. 3. If probable cause exists, an administrative law judge hears the case and issues proposed findings of fact and conclusions. *Id.* Only after this administrative remedy is exhausted may a plaintiff bring a claim before a federal court. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666-67 (7th Cir. 2013).

Alternatively, because the EEOC and ICRC have a work-sharing agreement, Taylor's claims could have been presented by filing with the EEOC, within 180 days of the date in which the alleged act of discrimination occurred, a complaint that details the alleged discrimination. *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *Ballantine v. Amazon.com.indc LLC*, No. 1:18-cv-02546-JPH-MJD, 2019 WL 2453153, at *8 (S.D. Ind. Mar. 14, 2019, *R. & R. adopted*, No. 1:18-cv-02546-JPH-MJD, 2019 WL 2451668 (S.D. Ind. June 11,

2019) ("pursuant to 910 Ind. Admin. Code §1-2-4, 'a complaint deferred to the commission by the EEOC pursuant to federal civil rights law shall be deemed filed with the commission as of the date it was received by [the] EEOC provided the complaint conforms to the requirements of the [ICRL]'").

Taylor filed her Charge of Discrimination with the EEOC on July 16, 2022 (Filing No. 17 at 2).³ Per the work-sharing agreement, the Charge was deemed filed with the ICRC the same day. *See M.C. Welding and Machining Co.*, 845 N.E.2d at 191 n. 3 (finding that because the EEOC and the ICRC have a work-sharing agreement, by filing his charge with the EEOC, plaintiff also filed his charge with the ICRC). Taylor's last alleged act of discrimination occurred on December 20, 2021, when she was instructed not to return to Kenco (Filing No. 1 ¶ 22). Because Taylor filed her Charge 210 days after the alleged act of discrimination occurred, it is not timely as to her ICRL claims.⁴ Employbridge's request for dismissal of Taylor's state law claims of retaliation and discrimination for failure to exhaust administrative remedies is **granted**.

2. **State Law Wage Theft Claim**

Employbridge argues that this Court should decline to exercise supplemental jurisdiction over Taylor's state law wage claim because the allegations do not derive from the same case or controversy. Under 28 U.S.C. § 1367, courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States [C]onstitution." In other words, courts may exercise supplemental jurisdiction over state law claims that share "a common nucleus

---

³ The Court may consider the EEOC Charge submitted by Employbridge because "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 1998).

⁴ Taylor's Title VII claims are timely because filing a charge with the EEOC has the effect of simultaneously commencing and terminating a state agency proceeding, thereby triggering the 300-day limitations period. *See Soffernin v. American Airlines, Inc.*, 923 F.2d 552, 557-58 (7th Cir. 1991).

of operative facts with a federal claim brought properly before the court." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015).

Employbridge argues that Taylor's Complaint does not allege that her paycheck was shorted due to her complaints about sex discrimination or retaliation for her action of reporting the alleged discrimination (*see* Filing No. 28 at 6). In Taylor's Complaint she alleges that she reported the alleged incident of discrimination to her supervisor and HR, and "[t]he next pay period, [her] paycheck was short." (*See* Filing No. 1 ¶¶ 18-20). Taylor's EEOC Charge also states that there is "evidence of being shorted over $2,000 in wages due to retaliation." (Filing No. 17 at 2). At this stage, the Court is required to draw all inferences in favor of Taylor. In doing so, it finds that because Taylor's wage theft claim involves the same defendants, involves overlapping timeframes, and failure to remit payment was potentially motivated by Taylor reporting the alleged discrimination, the wage theft allegation shares a common nucleus of operative facts. *See also* Ind. Code. § 22-2-5-2 ("[I]f the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee … was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due to the employee."). Accordingly, Employbridge's Motion to dismiss Taylor's state wage theft claim for lack of subject matter jurisdiction is **denied**.

B.  **Kenco's Motion to Dismiss**

   1.  **Title VII Claims**

Taylor alleges the Defendants discriminated and retaliated against her on the basis of sex. Kenco argues that Taylor's claims against it are barred because she failed to exhaust her administrative remedies. Specifically, Kenco argues Taylor is precluded from naming it in a federal court action because she did not specifically name it in her EEOC Charge against

7

Employbridge, she did not independently file a Charge against it, and it had no reason to know of the Charge received by Employbridge.

Before an employee may bring a Title VII claim in federal court, there are administrative remedies that must first be exhausted. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Failure to exhaust administrative remedies is an affirmative defense and the burden of proof rests on the defendant. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Graham v. Healthplex*, No. 1:19-cv-04120-JRS-MJD, 2020 WL 3510808, at *3 (S.D. Ind. June 29, 2020). "[S]ubjecting a complaint to affirmative defenses is rarely appropriate when entertaining a Rule 12(b)(6) motion...", *Graham* 2020 WL 3510808, at *3; *see also Schwartz v. Anthem Ins. Companies, Inc.*, 526 F. Supp. 3d 365, 372-73 (S.D. Ind. 2021). Dismissal is only appropriate "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 300 (7th Cir. 2018).

The fact that Kenco was not explicitly listed in the box titled "…the Employer, Labor Organization, Employment Agency… That I Believe Discriminated Against Me …" does not plead Taylor's case out of this Court. *See Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981) ("[W]here an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party.").

The Complaint alleges that Taylor exhausted her administrative remedies by timely filing a charge with the EEOC ([Filing No. 1](Filing No. 1) ¶ 8). Taylor's allegation is sufficient to survive a motion to dismiss. Taylor was not required to plead facts negating an affirmative defense, and nothing on the face of her Complaint suggests that Kenco was not provided adequate notice. Whether or not

8

Kenco received actual or constructive notice is a question of fact most appropriate for summary judgment. Kenco's Motion for dismissal on failure to exhaust administrative remedies is premature and therefore **denied**.

### 2. ICRL Discrimination and Retaliation Claims

As stated previously, pursuant to Section III(A)(1) *supra*, a plaintiff is required to pursue their claims for civil rights violations by filing a complaint with the ICRC or EEOC within 180 days of the date on which the alleged act of discrimination occurred. The ICRL does not provide for a private right of action without exhausting administrative remedies or without election by both parties to pursue the claim in court. *Mortland*, 2020 WL 3577867, at *2. Taylor did not file a complaint with the ICRC or EEOC within 180 days of the alleged incident and the Complaint does not allege that Kenco elected to pursue the claim in court. Kenco's request for dismissal of Taylor's state law claims of retaliation and discrimination for failure to exhaust administrative remedies is **granted**.

### IV. CONCLUSION

For the reasons explained above, Employbridge's Motion to Dismiss Plaintiff's Complaint (Filing No. 15) is **GRANTED in part and DENIED in part**, and Kenco's Motion to Dismiss Plaintiff's Complaint (Filing No. 18) is **GRANTED in part and DENIED in part**. Dismissal is **granted** as to Taylor's state law claims against Employbridge and Kenco for sex discrimination and retaliation. Because the filing time limit for her discrimination and retaliation claims has now expired, an amended pleading would be futile. Accordingly, Taylor's state law claims of discrimination and retaliation are **dismissed with prejudice**. **This matter will proceed** on Taylor's Title VII claims in Count I: Sex Discrimination and Count II: Retaliation, against Defendants Employbridge and Kenco; and on Taylor's state law claim in Count 3: Wage Theft, against Employbridge.

**SO ORDERED.**

Date: 5/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Candace Curtis
ADAMS LANDENWICH WALTON, PLLC
candace@justiceky.com

Laura Elizabeth Landenwich
ADAMS LANDENWICH WALTON, PLLC
laura@justiceky.com

Emily N. Litzinger
FISHER & PHILLIPS LLP
elitzinger@fisherphillips.com

Erin Marie Shaughnessy
FISHERS & PHILLIPS LLP
eshaughnessy@fisherphillips.com